UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| INDIANA BANK AND TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| LLOYD WILLIAM HISRICH, MARTHA E. HISRICH, UNITED STATES OF AMERICA, | ) ) ) ) |
| Defendant. | ) ) ) |
| | ) 4:09-cv-00048-SEB-WGH |
| LLOYD WILLIAM HISRICH AND MARTHA E. HISRICH, | ) ) ) |
| Counterclaim Plaintiffs | ) ) |
| vs. | ) ) |
| INDIANA BANK AND TRUST COMPANY, | ) ) ) |
| Counterclaim Defendant | ) |

**ORDER ADDRESSING PENDING MOTIONS**

This cause is before the Court on Indiana Bank and Trust Company's ("Indiana Bank") Motion to Dismiss Counterclaim of Lloyd William Hisrich and Martha E. Hisrich [Docket No. 12], filed on June 4, 2009; Indiana Bank's Motion to Strike Jury Demand [Docket No. 14], filed on June 4, 2009; Indiana Bank's Motion to Strike Affirmative Defenses [Docket No. 15], filed on June 4, 2009; and Indiana Bank's Motion for Summary Judgment [Docket No. 19], filed on October 26, 2009.  For the reasons detailed

below, Indiana Bank's Motion to Dismiss is GRANTED; Indiana Bank's Motion to Strike Jury Demand is GRANTED; Indiana Bank's Motion to Strike Affirmative Defenses is GRANTED; and Indiana Bank's Motion for Summary Judgment is GRANTED.

### *Factual Background*

On June 4, 2007, Lloyd Hisrich met with Steve Gochenour, a loan officer at the Home Federal Bank (now Indiana Bank) in order to obtain a loan to finance a home renovation.  Aff. of Hisrich ¶ 2; Aff. of Gochenour ¶¶ 3-4.  That same day, Mr. Hisrich entered into a Promissory Note ("Note") with Indiana Bank.  The Note had an original principal balance of $200,000.00.  Dec. of Schryer ¶ 5.

During their meeting regarding the loan, Mr. Gochenour and Mr. Hisrich also discussed the prospect of later converting Mr. Hisrich's line of credit into a conventional long-term mortgage.  Aff. of Gochenour ¶ 6.  Although Mr. Hisrich and Mr. Gochenour never entered into a written agreement related to the conversion of the original credit into a long-term mortgage, Mr. Hisrich asserts that he entered into the loan based on Mr. Gochenour's promise that the line of credit would later be converted.  Aff. of Hisrich ¶ 7.

To secure repayment of the Note, Lloyd Hisrich and Martha E. Hisrich entered into two mortgages in favor of Indiana Bank.  Dec. of Schryer ¶ 6.  The first  ("Columbus Avenue Mortgage") encumbers the real property and improvements at 303 Columbus Avenue, Batesville, Indiana 47006.  The second ("Henry Street Mortgage") encumbers

the real property and improvements at 6 Henry Street, Batesville, Indiana 47006. Dec. of Schryer ¶ 8. The Henry Street Mortgage describes the encumbered property as two separate tracts of land, labeled "Tract I" and "Tract II." Dec. of Schryer ¶ 8.

Sometime after entering into these loan agreements, Mr. Hisrich contacted Indiana Bank about converting the line of credit to a long-term mortgage, as he had discussed with Mr. Gochenour. Indiana Bank told him that the loan would not be converted into a long-term mortgage and that Mr. Gochenour no longer worked at Indiana Bank. Aff. of Hisrich ¶ 9.

Indiana Bank is the current holder of the Note as well as both the Columbus Avenue Mortgage and the Henry Street Mortgage, both of which mortgages provide that, upon default of the Note, Indiana Bank may require immediate payment in full of all sums secured and that Indiana Bank may foreclose upon the encumbered property as provided by law. Dec. of Schryer at ¶¶ 10-15. Both mortgages further require that the Hisriches "maintain the Property free of any liens having priority over or equal to the interest of" Indiana Bank. Compl. (Ex. B, C).

Lloyd Hisrich is in default of the Note, which matured on November 2, 2008, as a result of his failure to pay the balance in full on the maturity date. Dec. of Schryer at ¶ 16. As of February 2, 2009, the unpaid principal balance of the Note was $234,060.71, and the accrued and unpaid interest was $2,199.24, amounting to $236.259.95. Interest has accrued and continues to accrue on the Note at a rate of $21.13 per day since

3

February 2, 2009.[1]  All conditions precedent to Indiana Bank's enforcement of the Note have occurred or have been excused.  Dec. of Schryer ¶ 18.

## *Legal Analysis*

**I.**     *Motion to Dismiss*

The causes of action, roughly outlined in the Counterclaim, are for breach of contract, fraud, and promissory estoppel.  Indiana Bank contends that each of these causes of action must be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  The Hisriches have interposed no objection or opposition to Indiana Bank's Motion to Dismiss.

**A.**     *Standard of Review*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Aschcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6).  Id.  A party moving to dismiss nonetheless

---

[1] Defendants contend that the reasonable award of attorneys' fees to Indiana Bank in this case is $14,456.65. See Dec. of John R. Humphrey ¶ 10.  The Hisriches have interposed no objection to the reasonableness of this fee.

bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. 544, 563 (2007) (citing Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) ("[At the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. Lee v. City of Chicago, 330 F.3d 456, 459 (7th Cir. 2003); Szumny v. Am. Gen. Fin., 246 F.3d 1065, 1067 (7th Cir. 2001).

B.  *Breach of Contract*

Indiana law has defined credit agreements as follows:

(a) As used in this chapter, "credit agreement" means an agreement to:
    (1) lend or forbear repayment of money, goods, or things in action;
    (2) otherwise extend credit; or
    (3) make any other financial accommodation.
(b) The term includes an agreement to modify an agreement described in subsection (a).

Ind. Code § 26-2-9-1. The purported agreement outlined in the Counterclaim is the oral agreement between Lloyd Hisrich and Steve Gochenour that Indiana Bank would, at some later time, convert the original line of credit into a long-term mortgage. An agreement such as this fits within the above definition and is therefore subject to the following provision:

5

> A debtor may bring an action upon an agreement with a creditor to enter into a new credit agreement, amend or modify a prior credit agreement, forbear from exercising rights under a prior credit agreement, or grant an extension under a prior credit agreement only if the agreement:
> (1) *is in writing*;
> (2) sets forth all the material terms and conditions of the agreement; and
> (3) is signed by the creditor and the debtor.

Ind. Code § 26-2-9-5 (emphasis added).

Although the Counterclaim alleges that a contract for long-term financing existed between Indiana Bank and the Hisriches, it contains no indication that the agreement was in writing. Indeed, the Hisriches admit that no actual writing ever memorialized the purported agreement between the parties. Accordingly, even assuming all of the allegations in the Counterclaim to be true, the contract alleged by the Hisriches never actually existed because it failed to meet the requirements of Indiana Code § 26-2-9-5. Thus, the cause of action for breach of contract asserted in the Counterclaim must be dismissed for failure to state a claim.

*C.     Fraud*

The Counterclaim also alleges fraudulent inducement on the part of Indiana Bank, as follows:

> [T]he representations made by IBT for the renewal of the line of credit, subsequent to Steven Gochenour's leaving HomeFederal Saving Bank employ after, were untrue and IBT never had any intention thereafter of being bound and continued a ruse which continued to place Mr. and Mrs. Hisrich in a further financial dilemma, all to the detriment of Mr. and Mrs. Hisrich and thus constituting fraud in the inducement.

Counterclaim ¶ 16.

"Courts resist efforts by a plaintiff to get around limitations imposed by contract law by recasting a breach of contract as a tort." Classic Cheesecake Company, Inc. v. JPMorgan Chase Bank, N.A., 546 F.3d 839, 841 (7th Cir. 2008). It is clear that the Hisriches' fraud claim is an impermissible attempt to circumvent the statute of frauds by pleading what in reality is a contract claim as a tort claim. Therefore, on this ground alone, the claim for fraud must be dismissed as an effort "to get around limitations imposed by contract law." Id.

Moreover, the Counterclaim has not pleaded facts sufficient to support a claim of fraudulent inducement under Indiana law. The essential elements of fraudulent inducement are: "(1) a material misrepresentation of past or existing facts; (2) made with knowledge or reckless ignorance of falsity; (3) which caused the claimant to rely upon the misrepresentation to the claimant's detriment." Siegel v. Williams, 818 N.E.2d 510, 515 (Ind. Ct. App. 2005). Further, Federal Rule of Civil Procedure 9(b) dictates that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. Pro. 9(b). The Hisriches' Counterclaim provides only the vague assertion that "representations were made," with little indication of what those representations were, when they were made, or how they amounted to actionable falsity. Therefore, the Counterclaim fails to plead fraud with the particularity required by Rule 9(b), and that cause of action must also be dismissed.

*D.     Promissory Estoppel*

Finally, the Counterclaim contains allegations potentially supportive of a claim of promissory estoppel. Indiana Bank contends that this cause of action is barred by the statute of frauds. Under Indiana law,

> [A] party seeking to preclude application of the statute of frauds based on promissory estoppel must establish the following elements: 1) a promise by the promisor; 2) made with the expectation that the promisee will rely thereon; 3) which induces reasonable reliance by the promisee; 4) of a definite and substantial nature; and 5) injustice can be avoided only by enforcement of the promise.

Spring Hill Developers, Inc. v. Arthur, 879 N.E.2d 1095, 1103 (Ind. Ct. App. 2008) (quoting First Nat. Bank of Logansport v. Logan Mfg. Co., 577 N.E.2d 949, 954 (Ind. 1991)).

Indiana Bank contends that the Counterclaim fails to state a claim because it has not sufficiently pleaded the final element. The Spring Hill Court held that, "to establish that injustice can be avoided only through enforcement" of the alleged promise, the party asserting estoppel must show that he has suffered an injury that is "not only (1) independent from the benefit of the bargain and resulting incidental expenses and inconvenience, but also (2) so substantial as to constitute an unjust and unconscionable injury." Spring Hill, 879 N.E.2d at 1103. Assuming all allegations in the Counterclaim as true, the Hisriches nonetheless have not pleaded that they have suffered any injury independent of their asserted loss of the benefit they allegedly expected to receive from the purported bargain. Nor have they alleged a sufficiently substantial injury. The

8

Counterclaim contains no indication that the alleged injury went beyond the loss of an opportunity to borrow money from Indiana Bank, which simply is not an "unjust and unconscionable injury" in the circumstances of the case at bar. Id. Accordingly, the claim of promissory estoppel cannot escape the statute of frauds, and this cause of action must also be dismissed because the purported agreement was never reduced to writing.

For all of the foregoing reasons, Plaintiff's unopposed Motion to Dismiss is granted.

## II.     *Motion to Strike Affirmative Defenses*

The affirmative defenses contained in the Hisriches' Answer to Complaint of Indiana Bank and Trust Company are based on the same allegations set forth in the Hisriches' Counterclaim. Indiana Bank therefore moves, pursuant to Federal Rule of Civil Procedure 12(f), to strike those affirmative defenses for the same reasons that the causes of action presented in the Counterclaim are subject to dismissal. Because Indiana Bank is correct that the affirmative defenses are subject to Rule 12(f) for these reasons, and because the Hisriches have interposed no objection, Indiana Bank's Motion to Strike Affirmative Defenses shall be granted.

## III.     *Motion to Strike Jury Demand*

Also pursuant to Federal Rule of Civil Procedure 12(f), Indiana Bank seeks to strike the Hisriches' jury demand, filed on May 15, 2009. As Indiana Bank points out, no

right to a jury trial exists for a foreclosure case such as this one under federal or Indiana law. E.g. U.S. v. Annis, 634 F.2d 1270. 1272 (10th Cir. 1980); Songer v. Civitas Bank, 771 N.E.2d 61, 69 (Ind. 2002). The Hisriches raise no objection or opposition to Plaintiff's Motion to Strike Jury Demand. Accordingly, the motion shall be granted.

### IV.     *Motion for Summary Judgment*

*A.     Standard of Review*

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. See id. at 255. However, neither the "mere existence of some alleged factual dispute between the parties," id. at 247, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. Michas v. Health Cost Controls of Illinois, Inc., 209 F.3d 687, 692 (7th Cir. 2000).

The moving party "bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. Id. at 325.

Summary judgment is not a substitute for a trial on the merits, nor is it a vehicle for resolving factual disputes. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). Thus, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. See Shields Enter., Inc. v. First Chicago Corp., 975 F.2d 1290, 1294 (7th Cir. 1992); Wolf v. City of Fitchburg, 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a party will be unable to satisfy the legal requirements necessary to establish its case, summary judgment is not only appropriate, but mandated. See Celotex, 477 U.S. at 322; Ziliak v. AstraZeneca LP, 324 F.3d 518, 520 (7th Cir. 2003). Further, a failure to prove one essential element "necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323.

B.  *Indiana Bank's Motion for Summary Judgment*

In addressing Indiana Bank's Motion for Summary Judgment, we assume *arguendo* that the Hisriches' Counterclaim has not been dismissed and that their affirmative defenses have not been stricken. According to the Hisriches, the equitable

11

doctrine of promissory estoppel precludes the entry of summary judgment in favor of Indiana Bank because Lloyd Hisrich relied, to his detriment, upon the verbal promise of Steve Gochenour that the original June 2007 line of credit would later be converted to a long-term mortgage.  The Hisriches rely exclusively on First National Bank of Logansport v. Logan Mfg., 577 N.E.2d 949, 954 (Ind. 1991), which permitted a claim of promissory estoppel when a representative of a bank promised to make a loan to a borrower, and the borrower relied detrimentally upon that promise, which was never actually fulfilled.

The Hisriches' reliance upon this precedent is misplaced.  Although First National has never been explicitly overruled, since that case was decided, the Indiana legislature has clarified the imperative of requiring that a credit agreement be reduced to writing. Ind. Code § 36-2-9-5 (requiring that a credit agreement be "in writing").  As explained by the Indiana Court of Appeals,

> our courts have permitted the recovery of reliance damages under the doctrine of promissory estoppel even where a Statute of Frauds operates to render an oral agreement unenforceable.  But, this exception has been limited to oral employment agreements subject to the Statute of Frauds found at Ind. Code § 32-2-1-1.  We decline to extend such an exception to the Statute of Frauds involved in the present case, Ind. Code § 32-2-1.5, which covers credit agreements, due to our concern that such an exception would inappropriately erode the protections to be afforded by the Statute.

Ohio Valley Plastics, Inc. v. National City Bank, 687 N.E.2d 360, 264 (Ind. Ct. App. 1997).  As Ohio Valley made clear, First National permitted a claim of promissory estoppel because that case "in no way involved a Statute of Frauds."  Id.  First National is

not applicable to the case at bar because the Hisriches' claim is subject to the same Statute of Frauds that was determinative in Ohio Valley.

As discussed in Section I.D, supra, under certain circumstances, a party may avoid the Statute of Frauds in asserting promissory estoppel. However, in such a case, that party must "establish that injustice can be avoided only through enforcement" of the alleged promise, which requires a showing that he has suffered an injury that is "not only (1) independent from the benefit of the bargain and resulting incidental expenses and inconvenience, but also (2) so substantial as to constitute an unjust and unconscionable injury." Spring Hill, 879 N.E.2d at 1103. The undisputed facts clearly demonstrate that the Hisriches suffered no independent or substantial injury sufficient to meet this standard.

For all of these reasons, promissory estoppel, whether as an affirmative defense or a counterclaim, is unavailable to the Hisriches. Because it is clear that foreclosure is appropriate on the facts of this case, Indiana Bank's Motion for Summary Judgment shall be granted.

C.   *The Tax Lien*

The United States filed a federal tax lien against Lloyd Hisrich on November 19, 2001. Nonetheless, the United States advances no objection to the entry of summary judgment in favor of Indiana Bank, provided "the judgment entered recognizes the *first* lien of the United States and grants the United States its proper priority." Resp. at 1

(emphasis in original).

Indiana Bank emphasizes that different portions of the property that is the subject of this lawsuit should be treated differently, given federal tax and bankruptcy law. First, Indiana Bank acknowledges that its liens on 303 Columbus Avenue and on Tract I at the Henry Street property are inferior to the tax lien held by the United States, with regard to Lloyd Hisrich's interest, because Indiana Bank acquired its mortgage liens on those properties on June 4, 2007 and the tax lien attached to those properties on February 29, 1996 and September 30, 1991, respectively.[2]

Separately, however, Indiana Bank contends that the tax lien does not attach to Tract I at 6 Henry Street because that property was acquired after the Hisriches filed, and were discharged from, bankruptcy. The Hisriches filed a Chapter 7 bankruptcy on August 29, 2005 and received their bankruptcy discharge on April 13, 2006. Dec. of Schryer ¶ 23. Subsequently, on February 7, 2007, Lloyd Hisrich acquired Tract I. Dec. of Schryer ¶¶ 19-21. A determination of whether the tax lien survives the Hisriches' bankruptcy discharge to attach to Tract I depends upon whether the subject taxes were dischargeable:

> When taxes are nondischargeable, the taxes and any tax lien pass through the bankruptcy and continue to hold the debtor liable both personally and for any property interests effected by the lien. When taxes are dischargeable, however, the Bankruptcy Code terminates the debtor's *in personam* liability

---

[2] 303 Columbus Avenue, the property encumbered by the Columbus Avenue Mortgage, was acquired by the Hisriches on February 29, 1996. Tract II at the Henry Street property was acquired by the Hisriches on September 30, 1991. Dec. of Schryer ¶¶ 19-21.

>for those taxes. . . . [Therefore], the lax lien based on dischargeable taxes does not survive to attach postpetition to [a debtor's] after acquired property.

Matter of Dishong, 188 B.R. 51, 54-55 (M.D. Fla 1995) (citations omitted).

Income taxes such as those assessed against Lloyd Hisrich are dischargeable in bankruptcy if, at the time of bankruptcy, three years have elapsed from the date of the assessment of the tax. See 11 U.S.C. § 523(a)(1)(A). The taxes in the case at bar were assessed sometime before the United States filed a lien against Mr. Hisrich, on November 19, 2001. Therefore, those taxes were discharged when the Hisriches filed bankruptcy in August 2005, more than three years after the assessment, and the tax lien does not attach to Tract I. The United States does not oppose this finding.

Indeed, the only remaining request of the United States is that any foreclosure sale be conducted in conformity with Title 28, United States Code, Section 2410(c), which states, in relevant part,

>[A]n action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale. A sale to satisfy a lien inferior to one of the United States shall be made subject to and without disturbing the lien of the United States . . . Where a sale of real estate is made to satisfy a lien prior to that of the United States, the United States shall have one year from the date of the sale within which to redeem, except that with respect to a lien arising under the internal revenue laws the period shall be 120 days . . .

28 U.S.C. §2410.

Indiana Bank's Motion for Summary Judgment requests: (1) a foreclosure sale of the Columbus Avenue property and Tract I of the Henry Street property, both subject to the tax lien; and (2) a sale of Tract II of the Henry Street property free and clear of any

liens. This Motion shall be <u>granted</u>, and the parties shall be directed to submit a proposed judgment of foreclosure consistent with this order and 28 U.S.C. § 2410.

## V. *Conclusion*

For all of the foregoing reasons, Plaintiff's Motion to Dismiss is <u>GRANTED</u>; Plaintiff's Motion to Strike Jury Demand is <u>GRANTED</u>; Plaintiff's Motion to Strike Affirmative Defenses is <u>GRANTED</u>; and Plaintiff's Motion for Summary Judgment is <u>GRANTED</u>. The parties are hereby ordered to submit a proposed judgment of foreclosure, consistent with this order, by Tuesday, March 23, 2010.

IT IS SO ORDERED.

Date: _____03/01/2010_____

*[signature]*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jason H. Guthrie
THOMASSON, THOMASSON, JACKSON & LONG, P.C.
jason@thomassonlaw.com

John R. Humphrey
TAFT STETTINIUS & HOLLISTER LLP
jhumphrey@taftlaw.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

Michael Thomasson
THOMASSON & THOMASSON
mike@thomassonlaw.com