IN THE UNITED STATES DISTRCT COURT
SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY)

| | |
|---|---|
| INDIANA BANK AND TRUST COMPANY,<br>    Plaintiff | )<br>)<br>) |
| vs. | )<br>) |
| LLOYD WILLIAM HISRICH, MARTHA E.<br>HISRICH, UNITED STATES OF AMERICA,<br>    Defendants<br>_____ | ) CASE #4:09-cv-00048-SEB-WGH<br>)<br>)<br>) |
| | ) |
| LLOYD WILLIAM HISRICH AND MARTHA<br>E. HISRICH,<br>    Counterclaim Plaintiffs | )<br>)<br>)<br>) |
| vs. | )<br>) |
| INDIANA BANK AND TRUST COMPANY,<br>    Counterclaim Defendant | )<br>) |

## JUDGMENT OF FORECLOSURE

This matter comes before the Court on the "Motion for Summary Judgment" (the "Summary Judgment Motion") filed by Plaintiff, Indiana Bank and Trust Company f/k/a HomeFederal Bank ("Indiana Bank"). In the Summary Judgment Motion, Indiana Bank requested (1) a money judgment against defendants Lloyd William Hisrich and Martha E. Histrich (collectively, the "Hisriches"), (2) a foreclosure sale of 303 Columbus Avenue (as hereinafter defined) and Tract II (as hereinafter defined), each subject to the federal tax lien in favor of defendant United States of America (the "United States"); and (3) a foreclosure sale of Tract I (as hereinafter defined) free and clear of any liens. In the "United States of America's Response to Plaintiff's Motion for Summary Judgment" (the "Response"), the government requested that any sale be conducted pursuant to 28 U.S.C. § 2410(c). The Court, having

considered the Summary Judgment Motion and the Response, entered its "Order Addressing Pending Motions" on March 1, 2010 (Docket No. 37) (the "Opinion"), whereby it granted Indiana Bank's "Motion to Dismiss," "Motion to Strike Jury Demand," "Motion to Strike Affirmative Defenses," and the Summary Judgment Motion. Further, the Court finds as follows:

1. Indiana Bank is an Indiana financial institution.

2. Indiana Bank was formerly known as HomeFederal Bank but changed its name to Indiana Bank and Trust Company on March 1, 2008.

3. On June 4, 2007, Lloyd Hisrich entered into a Promissory Note (the "Note") with Indiana Bank. The Note had an original principal balance of $200,000.00 and a true and accurate copy of the Note is attached to the Complaint to Recover on Notes and to Foreclose Mortgages (the "Complaint") as **Exhibit A**.

4. Also on June 4, 2007, to secure the repayment of the Note, Lloyd Hisrich and Martha Hisrich signed a Mortgage in favor of Indiana Bank. A true and accurate copy of the Mortgage is attached to the Complaint as **Exhibit B** ("303 Columbus Avenue Mortgage").

5. The 303 Columbus Avenue Mortgage encumbers the real property and improvements commonly known as 303 Columbus Avenue, Batesville, IN  47006 ("303 Columbus Avenue"), and more particularly described as follows:

> Being a part of Lots number 5, 6, and 7 as marked, laid out and designated on the recorded plat of Fred Leland Addition to the Town of Batesville (now the City of Batesville) County of Ripley and State of Indiana, and more particularly described as follows, to wit:  Beginning at the Southeast Corner of said Lot Numbered 7; thence in a westerly direction along the south line of said Lot Number 7 a distance of seventy-five (75) feet to a point; thence in a northerly direction and parallel with the East and West line of said Lots numbered 5, 6, and 7 a distance of one hundred forty (140) feet to a point; thence in an easterly direction and parallel with the North line of said Lot numbered 5 and the South side of Columbus Avenue, a distance of seventy-five (75) feet to its intersection with Smith Street; thence in a southerly direction along the East line of said Lots Numbered 5, 6, and 7 and along the West side of Smith Street, a distance of one hundred forty (140)

feet to the place of beginning.

6. Also on June 4, 2007, to secure the repayment of the Note, Lloyd Hisrich and Martha Hisrich signed a Mortgage in favor of Indiana Bank. A true and accurate copy of the Mortgage is attached to the Complaint as **Exhibit C** (the "6 Henry Street Mortgage"). The 6 Henry Street Mortgage encumbers the real property and improvements commonly known as 6 Henry Street, Batesville, IN 47006, and more particularly described as follows:

> Tract I: Being a part of Lot Number Seven (7) in Henry Clausheide's Addition to the City of Batesville, State of Indiana, described as follows: Beginning at the Northwest corner of said lot and running North 60º 30' East the North line of 81 feet to the Northwest corner of the Clarence Heitz lot; thence South 29º 30' East along west line of said lot 195 feet, thence East along South lien of the Heitz lot 71.4 feet to the west line of said lot; thence Southerly along the west line of said lot, 195 feet to the Southwest corner of said lot; thence North along the east line of Henry Street 67.5 feet; thence continuing along the east side of Henry Street 144 feet, more or less, to the point of beginning. ("Tract I")
>
> Tract II: A part of Lot Number Seven (7) in Henry Clausheide's Addition to the City of Batesville, Indiana described as follows: Beginning at a point on the North line of said of Lot Numbered 7, which point is 81 feet from the Northwest corner of said lot; thence South 29º 30' East parallel to the West line of said lot, a distance of 195 feet; thence East parallel to the West line of said lot, a distance of 195 feet; thence East parallel with the South line of said lot, a distance of 65.15 feet; thence North 24º 30' West 228.1 feet to the North line of said Lot Numbered Seven (7); thence South 60º 30' West 76.55 feet along the North line of said Lot Numbered Seven (7) to the place of beginning. ("Tract II")

collectively, Tract I and Tract II shall be referred to herein as "6 Henry Street".

7. Indiana Bank is the current holder of the Note, the 303 Columbus Street Mortgage, and the 6 Henry Street Mortgage.

8. The 303 Columbus Street Mortgage is a valid lien on 303 Columbus Street to the extent of the indebtedness set forth herein.

9. The 6 Henry Street Mortgage is a valid lien on 6 Henry Street to the extent of the indebtedness set forth herein.

10. The 303 Columbus Street Mortgage provides that, upon default of the Note, Indiana Bank may require immediate payment in full of all sums secured by the 303 Columbus Street Mortgage.

11. The 6 Henry Street Mortgage provides that, upon default of the Note, Indiana Bank may require immediate payment in full of all sums secured by the 6 Henry Street Mortgage.

12. The 303 Columbus Street Mortgage provides that Indiana Bank, upon default, may foreclose the 303 Columbus Street Mortgage as provided by law.

13. The 6 Henry Street Mortgage provides that Indiana Bank, upon default, may foreclose the 6 Henry Street Mortgage as provided by law.

14. The Note, as extended, matured on November 2, 2008. Lloyd Hisrich is in default on the Note as a result of his failure to pay the balance in full on the maturity date.

15. The 303 Columbus Street Mortgage provides that the Hisriches were required to "maintain the Property free of any liens having priority over or equal to the interest of" Indiana Bank in 303 Columbus Street. The 6 Henry Street Mortgage provides that the Hisriches were required to "maintain the Property free of any liens having priority over or equal to the interest of" Indiana Bank in 303 Columbus Street.

16. As of February 2, 2009, the unpaid principal balance of the Note was $234,060.71, the accrued and unpaid interest was $2,199.24, all of which amounts total $236,259.95. Interest continues to accrue on the Note and has accrued at a rate of $21.13 per day from February 2, 2009 and thereafter. There is further due and owing reasonable attorneys' fees, the cost of title evidence, and other liquidation costs all of which are due pursuant to the Note.

17. All conditions precedent to Indiana Bank's enforcement of the Note have been

performed, have occurred, or have been excused.

    18.    303 Columbus Avenue was acquired by the Hisriches on February 29, 1996.

    19.    Tract II was acquired by the Hisriches on September 30, 1981.

    20.    Tract I was acquired by Lloyd Hisrich on February 7, 2007.

    21.    The United States filed a federal tax lien against Lloyd Hisrich on November 19, 2001 (the "Tax Lien").

    22.    The Hisriches filed a Chapter 7 bankruptcy on August 29, 2005 and received their bankruptcy discharge on April 13, 2006.

    23.    A reasonable award of attorneys' fees to Plaintiff in this case under both the Note and the Mortgage is $14,456.65.

Based on the foregoing, the Opinion, and 28 U.S.C. § 2410(c), IT IS ORDERED, ADJUDGED AND DECREED by the Court as follows:

    1.    Judgment is rendered against the Hisriches, jointly and severally, in the amount of $250,716.60 plus interest at a rate of $21.13 per day from February 2, 2009 until the date of judgment;

    2.    That the mortgage liens of Indiana Bank arising by operation of the 303 Columbus Avenue Mortgage and the 6 Henry Street Mortgage are foreclosed and, upon a foreclosure sale, Defendants' rights of redemption will be foreclosed and any right, title, interest, or lien of any person claiming through the Hisriches in, to or on 303 Columbus Avenue or 6 Henry Street will be barred (except that the lien of the United States with respect to Lloyd Hisrich's interest in 303 Columbus Avenue and Tract II shall remain after the sale and not be foreclosed);

3.	That 303 Columbus Avenue and Tract II, and all right, title and interest of Defendants, and all persons claiming from, under or through the Hisriches, in and to the 303 Columbus Avenue and Tract II of the Henry Street Property, shall be sold by foreclosure sale, subject to and without disturbing the United States' federal tax lien in Mr. Hisrich's 1/2 interest in 303 Columbus Avenue and Tract II, in the manner as by law provided, and without relief from valuation or appraisement laws;

4.	That Tract I and all right, title and interest of Defendants, and all persons claiming from, under or through Defendants, in and to Tract I, shall be sold by foreclosure sale, free and clear from any and all liens, in the manner as by law provided, and without relief from valuation or appraisement laws;

5.	That Indiana Bank be and hereby is empowered to bid for 303 Columbus Avenue and/or 6 Henry Street at said foreclosure sale with the indebtedness (including costs and charges hereafter incurred, advanced or expended) due it as set forth above; and such indebtedness will be credited to the amount paid by it at such foreclosure sale;

6.	That the proceeds of said foreclosure sale shall be applied in the following order:

**First**, to the payment of the costs of this action, accrued and to accrue, together with the costs and expenses of the foreclosure sale;

**Second**, to the payment of Indiana Bank to satisfy the judgment rendered herein until such debt is paid in full, in addition to any expenses further advanced by Indiana Bank for taxes, insurance, security and maintenance of the property, to the date of the foreclosure sale; and

**Third**, the balance, if any, to be paid to the Clerk, for the use and benefit of those rightfully entitled thereto and subject to further order of this Court;

7.	That upon the execution of a deed of conveyance of 303 Columbus Ave and 6 Henry Street sold hereunder, if not previously redeemed by the person or persons entitled

thereto, any person who may be in possession of 303 Columbus Ave or 6 Henry Street, or any part thereof, upon demand and exhibition of said deed, or a true copy thereof, shall forthwith surrender 303 Columbus Ave or 6 Henry Street to the holder of such deed; and in the event such person so in possession of 303 Columbus Ave or 6 Henry Street shall refuse to fully and peacefully surrender possession of 303 Columbus Ave or 6 Henry Street, law enforcement officers shall forthwith vacate 303 Columbus Ave or 6 Henry Street and give full and peaceful possession thereof to the purchaser under said foreclosure sale;.

8. That there is no just reason for delay, and judgment is to be entered for Indiana Bank as a matter of law as to any claim raised in the Summary Judgment Motion.

A copy of this Decree, duly certified by the Clerk, under the seal of this Court, shall be sufficient authority to proceed as herein directed.

Date: 05/06/2010

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

1205404_5.DOC

**Distribution:**

    John R. Humphrey, #21678-49
    TAFT STETTINIUS & HOLLISTER LLP
    One Indiana Square, Suite 3500
    Indianapolis, IN 46204
    jhumphrey@taftlaw.com

    Jason H. Guthrie
    Michael Thomasson
    THOMASSON THOMASSON JACKSON & LONG, P.C.
    50 Washington Street, 3A P.O. Box 2086
    Columbus, IN 47202-2086
    jason@thomassonlaw.com
    mike@thomassonlaw.com

    Jeffrey L. Hunter
    UNITED STATES ATTORNEY'S OFFICE
    U.S. Courthouse
    46 E. Ohio Street, Suite 274
    Indianapolis, IN 46208
    jeff.hunter@usdoj.gov; shaq.shockley@usdoj.gov;
    lin.montigney@usdoj.gov

    Margaret A. Schutte
    UNITED STATES ATTORNEY'S OFFICE
    10 W. Market Street, Ste. 2100
    Indianapolis, IN 46204
    margaret.schutte@usdoj.gov; melanie.crouch@usdoj.gov